IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-50151
Summary Calendar
_____

TEXAS HEALTH ENTERPRISES, INC.,
as Administrator of the Texas
Health Enterprises, Inc.
Employee Injury Benefit Plan,

                                        Plaintiff-Appellant,

                        versus

SHEILA DIANNE REECE, etc., ET AL.,

                                        Defendants,

SHEILA DIANNE REECE, Individually
and as Representatives of the
Class of others Similarly Situated,
ET AL.,

                                        Defendants-Appellees.

_____

Appeals from the United States District Court for
the Western District of Texas
(M0-93-CV-057)
_____
(December 16, 1994)

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

Texas Health Enterprises, Inc. ("THE"), the administrator of the Texas Health Enterprises, Inc. Employee Injury Benefit Plan (the "Plan"), appeals the district court's denial of relief in THE's action, brought under 29 U.S.C. § 1132, to obtain compliance with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and with the terms of its ERISA plan. We affirm.

BACKGROUND

Effective September 1, 1991, THE adopted the Plan for the purpose of providing medical, wage replacement, death and dismemberment benefits to employees of THE who sustained accidental occupational injuries. The parties do not dispute that THE's Plan qualifies as an ERISA employee benefit plan. All employees of THE are expected to participate in the Plan. To participate in the Plan, each employee must make a written election to participate which includes a provision specifically waiving and releasing all common law remedies for injuries covered by the Plan.

Several THE employees who had elected to participate in the Plan suffered on-the-job personal injuries covered by the Plan. Each defendant received Plan benefits but also initiated common law occupational injury claims against THE.

THE brought an action on behalf of the Plan under 29 U.S.C. § 1132 to enforce the terms of the Plan and to obtain declaratory and other appropriate equitable relief. THE also invoked federal question jurisdiction under 28 U.S.C. § 1331 and jurisdiction to

2

grant declaratory relief under 28 U.S.C. § 2201-2202. The defendants named in THE's action were those THE employees who had initiated personal injury claims against THE. The district court disposed of the case through summary judgment, dismissing THE's action without prejudice.

DISCUSSION

In Hook v. Morrison Milling Company, the Fifth Circuit recently decided the issues controlling this case. 1994 WL 633789 (5th Cir.). This court decided that an employee's common law occupational injury claims, such as those brought by the employees in this case, do not "relate to" an employer's ERISA plan. Id. at *7. This court therefore held that an employee's state common law claims against his employer are not preempted by federal ERISA law. Id. at *9. To enroll in the ERISA plan offered by the employers in Hook, employees were required to sign a waiver of all state law personal injury claims against their employer. The Hook waiver provision closely parallels the waiver at issue in this case. In Hook, this court found that the existence of the waiver provision did not cause the state law claims to become related to the ERISA plan and so did not trigger preemption. Id. at *8-9. The Fifth Circuit noted that the validity of the waiver and an employee's ability to state a cause of action against his employer after signing the waiver were issues to be resolved under state law. Id. at *11 n.4.

Applying Hook, it becomes clear that THE seeks equitable and declaratory relief on questions which are controlled by state

3

law.  THE asked the district court to declare that defendant employees were bound by the waiver provision and could not bring their state law personal injury claims.  THE also asked the court to enjoin defendant employees from bringing state law claims.  As stated in Hook, these issues do not relate to federal ERISA law and are to be resolved under state law.  The district court therefore did not err in refusing to exercise jurisdiction over THE's claims and in denying the relief requested by THE.

The fact that THE filed its action pursuant to 29 U.S.C. §1132 does not change the analysis.  Under 29 U.S.C. § 1132(a)(3), an ERISA plan administrator may bring an action to enjoin violations of the terms of an ERISA plan or to obtain other equitable relief to enforce the terms of an ERISA plan. THE argues that the provision of 29 U.S.C. § 1132 requires this court to interpret and enforce the terms of THE's ERISA plan, including the waiver provision.  But, as this court noted in Hook, preemption is not triggered and a federal court is not forced to accept jurisdiction over a state law claim "merely because the employer crafts its ERISA plan in such a way that the plan is inconsistent with that law or claim."  1994 WL 633789, at *9.  THE cannot rely on the Plan's waiver provision to force jurisdiction upon the federal courts when the Fifth Circuit has already held that the issues presented by THE are ones of state law.

AFFIRMED.

4